IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEKSANDR J. STOYANOV | : | |
| | : | |
| v. | : Consolidated Civil Nos. | CCB-06-2968 |
| | : | CCB-07-1726 |
| | : | CCB-08-2310 |
| RAY MABUS, SECRETARY OF THE NAVY, et al. | : | |
| | : | |

## MEMORANDUM

Aleksandr J. Stoyanov has sued Ray Mabus, Secretary of the Navy; Charles Behrle; Gary Jebsen; Gerald Smith; M. Kathleen Fowler; Virginia Calabrese; Kevin Wilson; John Davies; Roger Ford; Karen Evanish; and David Caron ("the defendants") for employment discrimination on the basis of national origin and age; violation of the Whistleblower Protection Act; violation of civil and human rights laws; conspiracy and aiding and abetting in violation of civil and human rights laws; obstruction of official process; abuse of administrative power; intentional infliction of emotional distress; fraud and misrepresentation; and malicious abuse of process. Now pending before the court is the defendants' motion to dismiss or, in the alternative, for summary judgment. For the reasons stated below, the defendants' motion will be granted.

## BACKGROUND

A full account of the factual and procedural background of this and the plaintiff's related discrimination cases are described in a Memorandum Opinion issued by Judge Bennett on July 25, 2006. *See Stoyanov v. Winter*, No. 05-1567, slip op. at 2-5 (D. Md. July 25, 2006). Aleksandr Stoyanov was born on April 7, 1955 and is a United States citizen of Russian descent.

1

From 1989 through 2003, Mr. Stoyanov was employed at the Department of the Navy's Naval Surface Warfare Center, Carderock Division ("NSWCCD") in West Bethesda, Maryland. Mr. Stoyanov worked as a scientist in the Radio Frequency Technology Branch at NSWCCD. On November 18, 2003, Mr. Stoyanov was removed from employment with the NSWCCD. Despite submitting over 90 applications for employment to the Department of the Navy, he has not been rehired by the Navy, Department of Defense, or the Federal Civil Service.

Mr. Stoyanov, along with his brother, Yuri, has filed numerous administrative complaints with the Equal Employment Opportunity Commission ("EEOC"), as well as eleven separate civil actions in this court, asserting various claims of employment discrimination and civil rights violations against the Navy and its employees. Judge Bennett determined that the plaintiff's civil actions "are vexatious and place a burden upon this Court that is unfair to the numerous other *pro se* litigants with whom this Court must share its time." *Stoyanov v. Winter*, Nos. 05-1567, 05-1611, 2007 WL 2359771, at *2 (D. Md. Aug 15, 2007). The court has previously dismissed or granted summary judgment against Mr. Stoyanov and his brother in six of these cases.

The case currently before the court is a consolidation of three individually filed complaints. On July 16, 2010, the defendants filed a motion to dismiss Mr. Stoyanov's complaints or, in the alternative, for summary judgment. Mr. Stoyanov has opposed the motion.

## ANALYSIS

The defendants have moved to dismiss the plaintiff's complaint for lack of personal and subject matter jurisdiction and for failure to state a claim. When a defendant challenges jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2), the burden is on the plaintiff to prove grounds for jurisdiction by a preponderance of the evidence. *Mylan Labs., Inc.*

*v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993) (personal jurisdiction); *Piney Run Preservation Ass'n v. County Commissioners of Carroll Cnty., Maryland*, 523 F.3d 453, 459 (4th Cir. 2008) (subject matter jurisdiction). "When, however, as here, a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). In deciding whether the plaintiff has made this showing, the court must resolve all disputed facts and reasonable inferences in the plaintiff's favor. *Id.* Likewise, a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted).

When ruling on a motion to dismiss for failure to state a claim, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early

3

disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

   A.   *Intentional Tort Claims[1]*

Mr. Stoyanov alleges numerous intentional tort claims in his three complaints, including intentional infliction of emotional distress, fraud and misrepresentation, and malicious abuse of process. The defendants contend that the court lacks subject matter jurisdiction over these claims because Mr. Stoyanov failed to exhaust the administrative remedies available to him under the Federal Tort Claims Act ("FTCA").[2] (Defs.' Mot. to Dismiss at 7-8). Under the FTCA, a claim cannot be instituted against the United States "unless the claimant shall have first

---

[1] This section encompasses the plaintiff's claims stated in Counts 10, 11, and 13 of Complaint, *Stoyanov v. Mabus*, No. 06-2968 (D. Md. Nov. 13, 2006), ECF No. 1; Counts 9, 10, and 12 of Complaint, *Stoyanov v. Mabus*, No. 07-1726 (D. Md. June 29, 2007), ECF No. 1, and; Counts 9, 10, and 12 of Complaint, *Stoyanov v. Mabus*, No. 08-2310 (D. Md. Sept. 4, 2008), ECF No. 1.
[2] The defendants also move to dismiss the individual federal employees named in the suit as improper defendants. If the United States Attorney certifies that an employee was acting within the scope of his employment at the time of the alleged tortious act, the United States is substituted as the defendant and the plaintiff may recover only through the FTCA. *See* 28 U.S.C. § 2679(d)(1). The plaintiff may not recover through an action against the individual employee. *Id.* Because the U.S. Attorney for the District of Maryland has certified that the individual federal employees named in this suit were acting within the scope of their employment, (*see* Defs.' Ex. 1), they are immune from suit in this action. The defendants' motion to dismiss as to the individual employees will be granted.

presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675. The requirement of filing an administrative claim before instituting an action under the FTCA is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Here, Mr. Stoyanov pursued his employment discrimination claims under Title VII through the administrative process, but he failed to present his numerous tort claims to the Department of the Navy as required by the FTCA. Because a plaintiff's failure to exhaust administrative remedies deprives the court of subject matter jurisdiction over a claim, *see Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), the court has no jurisdiction to hear Mr. Stoyanov's tort claims. Moreover, Mr. Stoyanov's intentional tort claims against the defendants also must fail because the defendants have not waived their immunity with respect to these claims. *See Tinch v. United States*, 189 F. Supp. 2d 313, 317 (D. Md. 2002) ("The United States, and its officers, are presumed to be immune to suit, unless they have expressly waived their immunity.") (citations omitted). Because the defendants are not investigative or law enforcement officers, the FTCA's limited waiver of sovereign immunity does not apply to Mr. Stoyanov's claims arising out of intentional torts. *See* 28 U.S.C. § 2680(h) (no waiver of immunity for abuse of process and misrepresentation); *Tinch*, 189 F. Supp. 2d at 317 (no waiver of immunity for intentional infliction of emotional distress). Accordingly, the plaintiff's tort claims will be dismissed.

  B. *Miscellaneous Claims[3]*

Mr. Stoyanov alleges various miscellaneous claims stemming from his allegations of employment discrimination, including conspiracy to violate civil and human rights laws, aiding

---

[3] This section encompasses the plaintiff's claims stated in Counts 5-9 and 12 of Complaint, *Stoyanov v. Mabus*, No. 06-2968 (D. Md. Nov. 13, 2006), ECF No. 1; Counts 5-8 and 11 of Complaint, *Stoyanov v. Mabus*, No. 07-1726 (D.

and abetting violation of civil and human rights laws, obstruction of official process, abuse of administrative process, and obstruction of justice. The Supreme Court has held that Title VII "provides the exclusive remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *see also Baird v. Haith*, 724 F. Supp. 367, 379 (D. Md. 1988) (holding that Title VII bars suits against the government, as well as individual federal employees, on other causes of action "when the gravamen of the complaint arises from employment discrimination."). All of Mr. Stoyanov's miscellaneous claims are rooted in his allegations of employment discrimination based on national origin and age. *See, e.g.*, Count 7 of Complaint, *Stoyanov v. Mabus*, No. 06-2968 (D. Md. Nov. 13, 2006), ECF No. 1 ("Each Defendant has aided and abetted the unlawful discriminatory policies or practices set forth in [previous counts] in willful violation of Title VII of the Civil Rights Act . . ."). Thus, his exclusive remedy for these claims is through Title VII. Accordingly, the plaintiff's miscellaneous claims related to his allegations of employment discrimination will be dismissed.

  C.  *Constitutional Claims[4]*

Mr. Stoyanov also alleges that the defendants violated his First Amendment right to free speech and his procedural and substantive due process rights; he seeks relief pursuant to 42 U.S.C. § 1983. Mr. Stoyanov may not claim relief under § 1983, however, because he was a federal employee at the time his constitutional claims arose. Since *Bush v. Lucas*, 462 U.S. 367 (1983), the Supreme Court has held that federal employment constitutes a "special factor" that

---

Md. June 29, 2007), ECF No. 1, and; Counts 5-8 and 11 of Complaint, *Stoyanov v. Mabus*, No. 08-2310 (D. Md. Sept. 4, 2008), ECF No. 1.
[4] This section encompasses the plaintiff's claims stated in Count 14 of Complaint, *Stoyanov v. Mabus*, No. 06-2968 (D. Md. Nov. 13, 2006), ECF No. 1; Counts 15 and 16 of Complaint, *Stoyanov v. Mabus*, No. 07-1726 (D. Md. June 29, 2007), ECF No. 1, and; Counts 15 and 16 of Complaint, *Stoyanov v. Mabus*, No. 08-2310 (D. Md. Sept. 4, 2008), ECF No. 1.

makes a remedy under § 1983 inappropriate. Federal employees may not file an action under § 1983 because the Civil Service Reform Act ("CSRA") provides an alternative remedial scheme for federal employees to vindicate their rights. *See, e.g.*, *Zimbelman v. Savage*, 228 F.3d 367, 370 (4th Cir. 2000) ("Because the CSRA constitutes a comprehensive set of procedural and substantive provisions governing the rights of federal employees, it would be inappropriate to supplement that regulatory scheme with a new judicial remedy.") (internal quotations omitted); *Pinar v. Dole*, 747 F.2d 899, 910 (4th Cir. 1984) ("A review of the remedial provisions of the CSRA supports the finding that Congress clearly intended the comprehensive remedies available to [the plaintiff] to be exclusive."). Accordingly, the plaintiff's constitutional claims will be dismissed.

    D.    *Whistleblower Protection Act Claims[5]*

Mr. Stoyanov also alleges that the defendants violated the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), by retaliating against him for filing discrimination complaints with the Equal Opportunity Office ("EEO"). The defendants assert that the court does not have jurisdiction to hear Mr. Stoyanov's WPA claims because he failed to exhaust his administrative remedies. (Defs.' Mot. to Dismiss at 9-10). A federal employee claiming retaliation under the WPA must exhaust his administrative remedies by first reporting the claim to the Office of Special Counsel. 5 U.S.C. § 1214(a)(1)(A). Thereafter, an employee may file an appeal with the Merit Systems Protection Board ("MSPB"), 5 U.S.C. 1214(a)(3), and subsequently, the Court of Appeals for the Federal Circuit, 5 U.S.C. 1221(h). If a plaintiff asserts a violation of the WPA in combination with an employment discrimination claim, however, he can also exhaust his

---

[5] This section encompasses the plaintiff's claims stated in Count 4 of Complaint, *Stoyanov v. Mabus*, No. 06-2968 (D. Md. Nov. 13, 2006), ECF No. 1; Count 4 of Complaint, *Stoyanov v. Mabus*, No. 07-1726 (D. Md. June 29, 2007), ECF No. 1, and; Count 4 of Complaint, *Stoyanov v. Mabus*, No. 08-2310 (D. Md. Sept. 4, 2008), ECF No. 1.

administrative remedies by filing a complaint stating both causes of action with the agency's EEO department. *See* 5 U.S.C. § 7702; *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995) (explaining that a plaintiff asserting both an employment discrimination claim and a civil service issue may file one complaint with the agency's EEO department or file an appeal to the MSPB, but not both). A plaintiff who asserts a "mixed" claim involving both WPA and discrimination claims with the EEO and does not appeal the decision to the MSPB may file a civil suit in a federal district court within 30 days of a final decision or after 120 days pass without a decision. Thus, this court may only hear Mr. Stoyanov's WPA claim if he asserted it at the same time as his employment discrimination claim through the EEO and exhausted the administrative process.

Based on the record before the court, Mr. Stoyanov has filed three whistleblower complaints with the MSPB.[6] There is no evidence, however, that Mr. Stoyanov ever raised any of his WPA claims in the complaints he filed with the EEO.[7] Because this is not the proper court to hear appeals from the MSPB, *see* 5 U.S.C. 1221(h), and Mr. Stoyanov failed to raise his WPA violation claims in any of his EEO complaints, the court does not have jurisdiction to hear Mr. Stoyanov's WPA claims.[8] Accordingly, the plaintiff's WPA claims will be dismissed.

   E.   *Employment Discrimination Claims*[9]

---

[6] *See* Defs.' Ex. 2.

[7] As the plaintiff in this case, Mr. Stoyanov bears the burden of proving that this court has subject matter jurisdiction by producing evidence that he exhausted his administrative remedies for his WPA claim. *See Evans*, 166 F.3d at 647. Although Mr. Stoyanov claims that he exhausted his administrative remedies for his WPA claims, he has not produced any of these EEO complaints. He has produced only copies of his appeals to the MSPB board, (*see, e.g.*, Pl.'s Ex. 4), which this court has no jurisdiction to review.

[8] Even if Mr. Stoyanov had exhausted his administrative remedies, he has failed to state a claim under the WPA. EEO activities are within 5 U.S.C. 2302(b)(1) & (b)(9). They are therefore beyond the scope of the WPA. *See Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 690-91 (Fed. Cir. 1992).

[9] This section encompasses the plaintiff's claims stated in Counts 1-3 of Complaint, *Stoyanov v. Mabus*, No. 06-2968 (D. Md. Nov. 13, 2006), ECF No. 1; Counts 1-3 of Complaint, *Stoyanov v. Mabus*, No. 07-1726 (D. Md. June 29, 2007), ECF No. 1, and; Counts 1-3 of Complaint, *Stoyanov v. Mabus*, No. 08-2310 (D. Md. Sept. 4, 2008), ECF No. 1.

8

The bulk of Mr. Stoyanov's grievances against the defendants are rooted in his allegations of employment discrimination based upon national origin and age. As an initial matter, the defendants move to dismiss the individual federal employees as improperly named defendants. Title VII prohibits a plaintiff from filing an employment discrimination claim against an individual federal employee. *See* 42 U.S.C. § 2000e-16(c) (requiring a plaintiff who files a civil action for employment discrimination to name the appropriate head of the department, agency, or unit as the defendant); *see also Simmons v. Shalala*, 946 F. Supp. 415, 418 (D. Md. 1996) ("The head of the department or agency is the only proper defendant" in a Title VII action claiming employment discrimination). Because Ray Mabus, Secretary of the Navy, is the only proper defendant in this case, the defendants' motion to dismiss Mr. Stoyanov's Title VII claim against the individually named federal employees will be granted.

Mr. Stoyanov's employment discrimination claims currently before the court are related to the Department of the Navy's failure to promote him to the position of Interdisciplinary Manager on two occasion and to rehire him after his termination in 2003. Mr. Stoyanov has not offered direct evidence of discriminatory intent by the Department of the Navy. Thus, Mr. Stoyanov relies upon indirect proof to establish his case, which is analyzed under the "burden-shifting" framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). Under *McDonnell Douglas*, a plaintiff can establish a prima facie case of employment discrimination in the context of a failure to promote or hire by showing that (1) he is a member of a protected class; (2) he applied for the position in question; (3) he was qualified for each position; and (4) he was rejected for each position under circumstances giving rise to an inference of unlawful discrimination. *Carter v. Ball*, 33 F.3d

450, 458 (4th Cir. 1994). If the plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for its decision. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000). Should the employer satisfy this burden of production, then the burden shifts back to the plaintiff to show "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* at 143 (internal quotations omitted).

Mr. Stoyanov cannot establish a prima facie case of national origin or age discrimination stemming from the Navy's failure to promote him to an Interdisciplinary Manager or for the Navy's failure to rehire him after his termination. The defendant does not dispute that Mr. Stoyanov is a member of a protected class, that he applied to various positions with the Department of the Navy, and that he was qualified for those positions. (*See* Defs.' Mot. to Dismiss at 17). Mr. Stoyanov cannot establish, however, that he was rejected for promotion and rehiring under circumstances giving rise to an inference of unlawful discrimination.

First, with respect to Mr. Stoyanov's claim that the Navy failed to promote him to the Interdisciplinary Manager position under vacancy announcement CAR OC-0003, Mr. Stoyanov was one of the lowest rated candidates who applied for the position because he did not have experience working in Total Ship Survivability (TSS) and ship design integration. (*See* Defs.' Ex. 4 at 3). The candidate who was chosen for the position had several years of prior experience working in both areas, making her more qualified for the job. (*See id.*). With respect to his application to the Interdisciplinary Manager position under vacancy announcement CAR-OC-0004, Mr. Stoyanov was not selected for the position because of his own error in filling out the application form. He failed to indicate on the application's additional data sheet that he was a

10

current Department of the Navy employee, and therefore was never considered for the position. (*See* Defs.' Ex. 20 at 5).

Second, Mr. Stoyanov cannot establish that the Navy failed to rehire him after his termination in 2003 under circumstances giving rise to an inference of unlawful discrimination. After his termination, Mr. Stoyanov submitted over 90 applications for employment with the Department of the Navy. (*See* Defs.' Ex. 15 ¶ 15). In his applications, Mr. Stoyanov indicated that he was a current federal employee with the Department of the Navy even after his employment had been terminated. In May 2004, Supervisory Human Resources Specialist Virginia Calabrese notified Mr. Stoyanov that he needed to change his employment status to ensure the accuracy of the hiring process and that his applications would not be considered unless he removed the false employment information from his resume. (*Id.* at ¶ 12). Despite these warnings, Mr. Stoyanov continued to submit over 75 false employment applications to the Department of the Navy, which caused the Navy to temporarily bar him from applying to new positions. (*Id.* at ¶ 15). Because the Navy's decision not to consider Mr. Stoyanov for open positions was based on his submission of false application materials, Mr. Stoyanov cannot establish an inference of unlawful discrimination in the Navy's actions.

Mr. Stoyanov also cannot establish a prima facie case of retaliation under Title VII. To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that (1) he engaged in a protected activity; (2) a reasonable employee would have found that the employer acted adversely against him; and (3) his protected activity was causally connected to his employer's adverse action. *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006); *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 392 (4th Cir. 2001). While the

Department of the Navy's failure to promote or rehire Mr. Stoyanov is materially adverse, the Navy had a legitimate reason for its decision, which Mr. Stoyanov has not shown to be pretextual.  Accordingly, the defendants' motion to dismiss the plaintiff's employment discrimination claims will be granted.

## **CONCLUSION**

For the above mentioned reasons, the defendants' motion to dismiss all counts will be granted.  A separate Order follows.

November 24, 2010                                       /s/
Date                                                              Catherine C. Blake
                                                                       United States District Judge